UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IVAN V. CLEVELAND,

        Plaintiff,

    v.

TUCKER, et al.,

        Defendants.

Case No. 23-cv-05312-JSW

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 41

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against W. Tucker, S. Adams, S. Lujano, and Gash, who were employees in the culinary department of Plaintiff's prison, the California Training Facility ("CTF"). The motion for summary judgment by Defendants Tucker, Adams, and Lujano was granted. Now before the Court is Gash's motion for summary judgment, which Plaintiff does not oppose. For the reasons discussed below, Gash's motion for summary judgment is GRANTED.

**DISCUSSION**

I.    **Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine

issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.* "[S]elf-serving affidavits are cognizable to establish a genuine issue of material fact so long as they state facts based on personal knowledge and are not too conclusory." *Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001).

At summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *Tolan v. Cotton*, 570 U.S. 650, 656-57 (2014). A court may not disregard direct evidence on the ground that no reasonable jury would believe it. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999) (where nonmoving party's direct evidence raises genuine issues of fact but is called into question by other unsworn testimony, district court may not grant summary judgment to moving party on ground that direct evidence is unbelievable).

A district court may not grant a motion for summary judgment solely because, as here, the opposing party has failed to file an opposition. *See Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994). A verified complaint, such as the operative complaint (ECF No. 1) here, may be used as an opposing affidavit under Rule 56 as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

II.    **Analysis**

The remaining claim is that Defendant Gash retaliated against Plaintiff for his administrative grievance against Adams complaining Adams called Plaintiff racist and profane "names." "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

2

correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The parties do not dispute that filing administrative grievances constitutes "protected conduct" under the First Amendment. *Id.* at 567 (holding a prisoner may not be retaliated against for using such procedures).

The Order granting the other Defendants' summary judgment motion explained Plaintiff's claims against Gash as follows:

> Plaintiff asserts after he complained to Defendant Gash about Adams's verbal "abuse," Gash "failed to intervene" and "laughed it off," which allowed Adams's behavior to continue. The order of service did not address whether the complaint stated a cognizable retaliation claim against Defendant Gash. Upon further review of the complaint, the Court now concludes that, when liberally construed, it states a cognizable retaliation claim against Defendant Gash, specifically that Gash failed to intervene in Adams's behavior in retaliation for Plaintiff's grievance against Adams. The evidence in the record thus far does not appear to create a triable issue on the causation element of a First Amendment retaliation claim against Gash.[] However, as Gash has not been served or appeared, and neither Gash nor Plaintiff have had a full opportunity to brief whether summary judgment is warranted on this claim, the Court draws no conclusion at this time on this issue or any of the other elements of a retaliation claim against Gash. Accordingly, service is ordered upon Gash below, and a briefing schedule is ordered for a summary judgment motion on this claim.

(ECF No. 38 at 8:21-9:6) (footnote omitted).

Plaintiff claims Gash retaliated for his grievance against Adams by failing to intervene in Adams's purported verbal harassment and by implementing certain work rules for culinary clerks like Gash. It is undisputed that Plaintiff filed his administrative grievance against Adams *after* Gash's allegedly retaliatory conduct. Gash's conduct cannot have been caused or motivated by a grievance that had not yet been filed. Consequently, no reasonable fact-finder could determine from the evidence that Plaintiff's protected activity was the cause of Gash's alleged retaliatory actions. As such a finding is necessary to prove the causation element of Plaintiff's retaliation against Gash, there is no triable issue of fact, that if resolved in Plaintiff's favor, would result in Plaintiff's success on this element or claim. Accordingly, Gash is entitled to summary judgment.

**CONCLUSION**

For the foregoing reasons,

United States District Court
Northern District of California

Gash's motion for summary judgment is GRANTED. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January 23, 2026

_____
JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California

4